# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-811V
(not to be published)

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |
| TASHA LOYD, *Parent and next Friend of* C.L., *a minor*, | \* \* \* | |
| Petitioner, | \* \* \* | Chief Special Master Corcoran |
| v. | \* \* | Filed: February 2, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* \* | |
| Respondent. | \* \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |

*Richard Gage*, Richard Gage, P.C. (WY), Cheyenne, WY, Petitioner.

*Tyler King,* U.S. Dep't of Justice, Washington, DC, Respondent.

### DECISION GRANTING IN PART INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On July 8, 2016, Tasha Loyd filed a petition on behalf of her minor child, C.L., seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that C.L. experienced immune thrombocytopenic purpura ("ITP") caused-in-

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

fact by a pneumococcal conjugate (referred to herein as "Prevnar") vaccine administered on August 30, 2013. Petition at 1 (ECF No. 1). After a hearing, I denied entitlement. *Loyd v. Sec'y of Health & Hum. Servs.*, No. 16-811V, 2021 WL 2708941 (Fed. Cl. Spec. Mstr. May 20, 2021) (ECF No. 84) ("Entitlement Decision"). Petitioner filed for a Motion for Review on June 21, 2021, but it was denied. ECF No. 95. An appeal of the Court's determination is currently pending at the Federal Circuit. ECF No. 98.

Before the Motion for Review had been decided, Petitioner filed a motion for an interim award of attorney's fees and costs—the first request for fees since the case was initiated in 2016. Motion, dated Oct. 13, 2021 (ECF No. 93) ("Interim Fees Mot."). Petitioner requests $133,103.70 in attorney's fees, paralegals, and costs. *Id.* at 2. Work began on this matter five and a half years ago, and the billing invoices cover from before the claim's filing to October 13, 2021. *Id.* at 8–26. Of the total, Petitioner requests $33,563.10 for costs, largely including expert fees. *Id.* at 6, 60–62, 64–65, 67, 69. Respondent has reacted to the interim fees request, deferring its resolution (as well as calculation of amounts to be awarded) to my discretion. Response, dated Oct. 27, 2021 (ECF No. 94) at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion in part, awarding fees and costs in the total amount of **$103,583.60**, reflecting $70,020.50 in attorney's fees and $33,563.10 in costs. I defer resolution of the unawarded portions of fees and costs to the case's ultimate conclusion.

## ANALYSIS

### I. Petitioner's Claim Had Reasonable Basis Through Trial

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to *successful* petitioners, a special master *may* also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, reasonable basis is only a threshold requirement in unsuccessful cases; the fact that a petitioner can meet the fairly-light evidentiary requirement to show reasonable basis does not subsequently *obligate* a special master to award fees, and the calculation of the sum to be awarded is otherwise subject to the same reasonableness standards governing all fees determinations.

A claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020)

2

(citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim* itself—counsel's conduct in prosecuting the claim is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what was learned about the evidentiary support for the claim as the matter progressed. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[3]

Also, relevant herein are the standards governing interim awards—meaning fees awards issued while a case is still pending. *See generally Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

While there is no presumption of entitlement to interim awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards governing fees. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. However, with respect to fees and costs, there must be *some* showing that a petitioner's circumstances render an interim award just.

---

[3] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

3

Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) whether the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; and/or 3) whether the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017).

I find that Petitioner has made a showing sufficient to justify an interim award. This matter has been pending for five and a half years, the requested fees are three times my minimum threshold, and substantial expert costs have been incurred. It is also my practice to pay counsel for their trial time after a hearing has concluded, even where the matter itself remains unresolved.

Despite the above, I will not at this time be awarding *all* fees requested. As noted above, I denied entitlement in this case. *See generally* Entitlement Decision, 2021 WL 2708941. Part of my basis for doing so was my factual determination that Petitioner could not demonstrate preponderantly that C.L.'s ITP began in a reasonable timeframe, when measured from vaccines she received nine months before. Entitlement Decision, 2021 WL 2708941. But questions like onset were reasonably disputed prior to hearing, and Petitioner could offer some objective proof to support her contentions, like photos that she contended demonstrated ITP-associated bruising around the time of her preferred onset. In addition, she offered a reasonable expert opinion to support her contention that the Prevnar vaccine could cause ITP, even if I did not ultimately find it persuasive.

Accordingly, the claim had sufficient reasonable basis *through trial* to justify a fees award, despite its dismissal. I note, however, that ample governing caselaw establishes that claims can *lose* reasonable basis as they are litigated. *Perreira v. Sec'y of Health & Hum. Servs.*, No. 93-5055V, 33 F.3d 1375, 1377 (Fed. Cl. Aug. 31, 1994). It is possible that this is such a case (although I make no such determination until I have the opportunity to consider the disposition of the appeal—and will at the appropriate time allow Petitioner to brief the point). Moreover, I am *never* compelled to allow fees awards in unsuccessful cases simply because a petitioner has established some scintilla of objective proof in support of s claim. And I may otherwise reduce fees or limit them if it reasonably appears unnecessary time was devoted to the matter—such as in pursuit of a fruitless appeal. *See,* e.g., *Austin v. Sec'y of Health & Hum. Servs.*, No. 05-579V, slip. op. at 6 (Fed. Cl. Spec. Mstr. July 31, 2019) (reducing fees devoted to appeal of autism claim by twenty percent).

Based on all of the above, I will permit an interim award of fees incurred through trial (and a bit beyond). Counsel should be paid for time spent at trial, and work performed on the matter prior to that time as well—and I will permit payment for the work done to prepare this motion as well. I will otherwise defer ruling on fees and costs incurred in this case *after* June 10, 2021, when Petitioner's counsel began to work in earnest on the Motion for Review (and Petitioner should not file any request for fees based on subsequent work on the Federal Circuit appeal until the matter

is completed). The propriety of an award of additional/final fees will be determined once the pending appeal has been concluded and/or any final damages determinations are made, should Petitioner's efforts to undo the Entitlement Decision succeed.

II.      **Calculation of Fees**

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method— "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys and support staff, based on the years work was performed:

| **Attorney** | **2016** | **2017** | **2018** | **2019** | **2020** | **2021** |
|---|---|---|---|---|---|---|
| **Mr. Richard Gage, Esq.** | $311.00 | $318.00 | $326.00 | $338.00 | $350.00 | $362.00 |
| **Mr. Donald Gerstein, Esq.** | $250.00 | $250.00 | -- | -- | -- | -- |
| **Ms. Kristen Blume, Esq.** | -- | $250.00 | -- | -- | $350.00 | $355.00 |
| ___ | ___ | ___ | ___ | ___ | ___ | ___ |
| **Paralegals** | | | | | | |
| **Ms. Susan McNair** | $120.00 | $120.00 | $120.00 | $120.00 | $120.00 | $130.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Mr. Brian Vance** | $120.00 | $120.00 | $120.00 | $120.00 | $120.00 | $130.00 |
| **Ms. Sharee Lange** | -- | -- | -- | -- | $120.00 | -- |
| **Ms. Helen Nelson** | -- | -- | -- | -- | $120.00 | -- |

Interim Fees Mot. at 30–53.

　　Mr. Gage, Mr. Gerstein, and Ms. Blum practice in Cheyenne, Wyoming—a jurisdiction that has not been deemed "in forum." Accordingly, they and their paralegals are entitled to local rates. *See e.g.*, *Masias v. Sec'y of Health & Hum. Servs.*, No. 99-697V, 2013 WL 2404075 (Fed Cl. Spec. Mstr. May 14, 2013); *Avila v. Sec'y of Health & Hum. Servs.*, No. 05-685V, 2009 WL 2033063 (Fed. Cl. Spec. Mstr. June 26, 2009). The rates requested for Mr. Gage are consistent with what has previously been awarded for his time, in accordance with the Office of Special Masters' fee schedule.[4] *Goldman v. Sec'y of Health & Hum. Servs.*, No. 16-1523V, 2021 WL 3056263, at *2 (Fed. Cl. Spec. Mstr. June 21, 2021). Mr. Gerstein's rates are similarly consistent with what has been awarded. *McErlean v. Sec'y of Health & Hum. Servs.*, No. 13-543V, 2016 WL 4575583, at *6 (Fed. Cl. Spec. Mstr. July 28, 2016) (adjusting Mr. Gerstein's rate in 2016 to $251.00). The same is true of Ms. Blume's rates. *Martin v. Sec'y of Health & Hum. Servs.*, No. 13-486V, 2021 WL 5853745, at *2 (Fed. Cl. Spec. Mstr. Nov. 3, 2021). I thus find no cause to reduce them in this instance.

　　I also find the amount of time spent on the matter to be reasonable—through a specific date. As noted, I will award all work performed on this matter without adjustment through June 9, 2021, when the invoices establish counsel began work on the Motion for Review, but not thereafter, as I am deferring resolution of the propriety of those fees until the end of the matter. The only exception shall be compensation for $1,285.00 in work performed on the interim fees motion itself. Interim Fees Mot. at 26. As a result, I am deferring awarding (a) $2,642.60 of Mr. Gage's time (*Id.* at 37), and (b) $26,660.50 of Ms. Blume's time (*Id.* at 42), resulting in a total reduction (for now) of $29,303.10 from the attorney's fees to be included in the present interim award.

　　The requested paralegal rates and time are also reasonable, but (consistent with the above) I am only including time incurred on the matter through June 9, 2021 in the present interim award. This results in a deferral of $217.00 in incurred paralegal time. *Id.* at 46–51. Based on all of the above, the total amount of attorney and paralegal fees to be awarded at this point are **$70,020.50**.

---

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

### III.     Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $33,563.10 in costs. Interim Fees Mot. at 6. This sum includes $1.875.50 in copies and prints until October 2021. *Id.* at 55. Most of the other costs were from medical records and the work of Petitioner's expert, Dr. M. Eric Gershwin. *Id.* at 56. Dr. Gershwin charged $500.00 per hour, and devoted 61 hours to work on the matter (including his appearance at trial) totaling $30,500.00. *Id.* at 6, 60. None of the other requested expenses went beyond the date of the hearing to the appeals. Accordingly, all costs requested in the current interim fees motion will be granted in full.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT IN PART** Petitioner's Interim Motion for Attorney's Fees and Costs, awarding a total of **$103,583.60**, reflecting $70,020.50 in attorney's fees and $33,563.10 in costs, in the form of a check made jointly payable to Petitioner and his attorney Mr. Richard Gage. I defer awarding the remaining fees requested in the motion ($29,520.10) until the matter's full conclusion.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.