# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-811V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| TASHA LOYD, *parent and next friend of C.L., a minor,* | |
| Petitioner, | Chief Special Master Corcoran |
| v. | Filed: May 30, 2023 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * *

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for Petitioner.

*Tyler King*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION GRANTING IN PART ATTORNEY'S FEES AND COSTS**[1]

On July 8, 2016, Tasha Loyd filed a petition on behalf of her minor child, C.L., under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that C.L. experienced immune thrombocytopenic purpura ("ITP") caused-in-fact by the haemophilus influenza type b ("Hib") and/or pneumococcal conjugate vaccines administered to C.L. on August 30, 2013. Petition (ECF No. 1) at 1. After trial, a decision denying entitlement was entered on May 20, 2021. ECF No. 84 ("Decision"). Petitioner moved for review of my decision (ECF No. 86), but the motion was denied. ECF No. 95. Her subsequent appeal to the Federal Circuit was also unsuccessful. ECF No. 105.

---

[1] The parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner previously requested an interim award of attorney's fees and costs in October 2021, and was granted $103,583.60 (with fees associated with the motion for review and appellate process deferred until the case's final completion). Decision—Interim Attorney's Fees and Costs, dated Feb. 2, 2022 (ECF No. 99) ("Interim Fees Decision"). Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Apr. 10, 2023 (ECF No. 110) ("Final Fees Mot."). Petitioner now requests a total of $121,412.13[3], reflecting $116,739.80 in additional fees incurred for the services of two attorneys (Mr. Richard Gage and Ms. Kristen Blume) and paralegals, plus $4,672.33 in costs. Final Fees Mot. at 8. Respondent reacted to the final fees request on April 24, 2023. Response, dated Apr. 24, 2023 (ECF No. 111) ("Resp."). Respondent defers to my discretion to determine whether Petitioner's claim maintained a reasonable basis through the pendency of her appeals, such that these additional fees were reasonably incurred. Resp. at 2, 4–5.

Petitioner's final fees request did not include a formal statement in accordance with General Order No. 9 indicating whether she requested reimbursement of out-of-pocket expenses. Instead, counsel submitted a notice that indicated he had been unable to reach her on this topic. *See* Tab H to Final Fees Mot. (ECF No. 110 at 51). But approximately two weeks later, on April 27, 2023, Petitioner filed a supplemental request, asking that I also award Petitioner's unreimbursed litigation costs incurred in this matter and totaling $441.62, and reflective of personal expenses associated with her participation as a witness at trial. Motion to Supplement, dated Apr. 27, 2023 (ECF No. 112).

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$121,412.13**.

## ANALYSIS

### I.     Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if

---

[3] Although Petitioner's Final Fees Mot. requests a total amount of $121,128.53, this appears to be in error. The correct Attorney Fee & Cost Breakdown is $116,739.80 in fees and $4,672.33 in costs for a total amount of $121,412.13. *See* Tab A.

unreasonable, or even denied entirely.

A claim's reasonable basis[4] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g., Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[5]

As the interim fees decision indicated, my determination to pay fees only through trial was based on the fact that although Petitioner had raised a fact dispute about C.L.'s ITP onset requiring resolution at the trial level, it was not also evident that this fact question *remained* reasonably disputed after trial. Interim Fees Decision at 4–5. Nothing about the subsequent determinations of the Court or Circuit suggest the claim's reasonability increased after my initial decision. There simply was never preponderant evidence supporting this critical aspect of Petitioner's claim—and the appeals taken from the original decision seem to have reflected more a desire to reargue the claim to a new tribunal (perhaps in the hope that a different judicial official would look more favorably on the claim), rather than because a valid legal or fact issue existed that would support

---

[4] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

[5] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

appeal.

However, I am mindful of the fact that the reasonable basis standard is not congruent with the standard for obtaining entitlement. On the contrary—it is remarkably lenient and easy to satisfy. In addition, while Program counsel should not utilize the appellate process as a means of earning unjustified fees from the Vaccine Program, claimants *do* possess the right of appeal, and therefore should not be denied fees on reasonable basis grounds merely because they invest in appellate work that is facially unlikely to undo an earlier unfavorable outcome. Rather, the evidence that the claim lacked reasonable basis would need to be far more unshakable. And having already found that the core disputes resolved at trial had *some* basis, I am reluctant to deem appeals taken from my determination to be grounds for denying fees. Accordingly, I will award final fees in this matter.[6]

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

---

[6] Counsel should, however, consider himself on notice that *future* appeals, in other matters, of fact determinations that are not likely to be dislodged or altered—and in fact are not even after two rounds of appeal, as occurred in this case—will be viewed as proper occasion to reduce fees, based on the conclusion that the claim lost reasonable basis after a fair fact determination.

|  | 2021 | 2022 | 2023 |
|---|---|---|---|
| **Mr. Richard Gage (Attorney)** | -- | $393.00 | $422.00 |
| **Ms. Kristen Blume (Attorney)** | $355.00 | $386.00 | $422.00 |
| **Paralegals** | -- | $141.00 | $152.00 |

Final Fees Mot., Tab D; Tab E; Tab F.

Mr. Gage practices in Cheyenne, Wyoming—a jurisdiction that has been deemed "in forum." Accordingly, he should be paid forum rates as established in *McCulloch*. *See Bangerter v. Sec'y of Health & Hum. Servs.*, No. 15-1186V, 2023 WL 33529 (Fed. Cl. Spec. Mstr. Jan. 4, 2023). The rates requested for Mr. Gage, Ms. Blume, and their paralegals are also consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule.[7] *Martinez v. Sec'y of Health & Hum. Servs.*, No. 16-738V, 2022 WL 1210556, at *3 (Fed. Cl. Spec. Mstr. Mar. 29, 2022). I thus find no cause to reduce them in this instance. The fees for 2023 are also consistent with prior increases, and will be allowed. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

### III.  Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $4,672.33 in outstanding costs, including the filing fee, photocopying, shipping, and travel expenses associated with the hearing. Final Fees Mot., Tab G at 34–36. All are commonly incurred in the Vaccine Program, and are reasonable herein.

---

[7] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited May 30, 2023).

### IV.     Petitioner's Personally-Incurred Costs

In addition, Petitioner requests a total of $441.62 in personal costs incurred, including purchasing headphones for trial use, and costs associated with hotel accommodations, printing and shipping medical records, and arranging care for Petitioner's daughter during trial. Mot. to Supplement at 4–5. Petitioner, however, has not substantiated these costs via provision of any detailed invoices (i.e., not handwritten) that would assist me in ascertaining the reasonableness of these expenses. Moreover, such expenses are not commonly awarded in the Vaccine Program, especially given that Petitioner appeared remotely for the hearing. I therefore do not allow these costs.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs. I award a total of **$121,412.13**, reflecting $116,739.80 in fees and $4,672.33 in costs, in the form of a check made jointly payable to Petitioner and Petitioner's counsel, Mr. Richard Gage.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[8]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.